```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

MICHAEL WILKINSON and
LINDA WILKINSON                                      PLAINTIFFS

VS.                           CIVIL ACTION NO. 5:05-cv-94(DCB)(JMR)

THE MAYOR AND ALDERMEN OF THE CITY OF
VICKSBURG; LAURENCE E. LEYENS, MAYOR;
GERTRUDE YOUNG, ALDERWOMAN; and SIDNEY
BEAUMAN, ALDERMAN, IN THEIR OFFICIAL
CAPACITIES; OFFICER SAMUEL CARTER;
OFFICER KEVIN WILLIAMS; DETECTIVE
SANDRA JOHNSON; OFFICER DAVON GREY;
CAPTAIN MARK CULBERTSON; DEPUTY CHIEF
RICHARD O'BANNON; and JOHN DOES 1-10

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Samuel Carter, Sandra Johnson, Davon Grey,[1] Mark Culbertson, and the City of Vicksburg's supplemental motion for summary judgment as to plaintiffs' state law claims **(docket entry 116)**. Having carefully considered the motion and response, the briefs of the parties, the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

In their supplemental motion, the defendants move for summary judgment on the plaintiffs' state law claims for wrongful arrest, false imprisonment, malicious prosecution, abuse of legal process, and intentional infliction of emotional distress.  The facts of

---

[1] Subsequent to the filing of the instant supplemental motion for summary judgment, defendant Davon Grey was dismissed by joint motion of the parties.

this case, as well as the standard of review on motion for summary judgment, are set forth in this Court's Memorandum Opinion and Order of March 30, 2007.

The Mississippi Tort Claims Act provides for a limited waiver of the sovereign immunity of the state and its political subdivisions for tort claims against a municipality and its employees for actions taken within the course and scope of employment. The act provides:

> [T]he immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived ....

MISS. CODE ANN. § 11-46-5(1). The Act goes on to provide that recovery under the Act is the exclusive remedy for injuries for which the Act has provided a waiver of sovereign immunity, by stating that "any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter ...." MISS. CODE ANN. § 11-46-7(1).

In addition, the Act provides that no recovery may be had against a municipality or its employees for acts which are discretionary functions taken by employees in the scope of their employment. See MISS. CODE ANN. § 11-46-9(1) ("A governmental entity and its employees acting within the course and scope of their

employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employees thereof, whether or not the discretion be abused.").

Furthermore, immunity from liability is not waived for the official acts of a municipality or its employees performing "duties or activities relating to police ... protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." MISS. CODE ANN. § 11-46-9(c)(emphasis added).  "'[R]eckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." Turner v. City of Ruleville, 735 So.2d 226, 230 (Miss. 1999).  Finally, the Act provides that actions that constitute such things as malice and defamation occur outside the course and scope of employment, and the municipality has not waived immunity from suit with respect to such acts and cannot be held liable for them.  See MISS. CODE ANN. §§ 11-46-5(2), 11-46-7(2).

Defendant Culbertson moves for summary judgment pursuant to MISS. CODE ANN. § 11-46-9(1)(d).  Inasmuch as the plaintiffs admit that Captain Culbertson's involvement was in a supervisory and directorial role, he is entitled to discretionary function immunity pursuant to § 11-46-9(1)(d), and is entitled to summary judgment.

3

All defendants move for summary judgment on the plaintiffs' claims pursuant to the Mississippi Constitution. Inasmuch as none are asserted by the plaintiff in response, this portion of the motion shall be granted. The remaining state law claims are as follows:

I. <u>Wrongful Arrest and False Imprisonment Claims</u>

The defendants claim that the acts of officers Carter and Johnson in investigating and arresting the plaintiffs cannot be considered "reckless disregard," but only a "failure to adequately investigate," citing <u>City of Greenville v. Jones</u>, 925 So.2d 106, 116-19 (Miss. 2006). As the plaintiffs point out, their allegations go beyond a mere failure to adequately investigate, and include deliberate failure to inform Judge Bradford of facts relevant to a probable cause determination, which can constitute reckless disregard. See <u>Foster v. Noel</u>, 715 So. 2d 174, 178-80 (Miss. 1998)(upholding a verdict against a police officer for his acts in procuring an invalid arrest warrant insofar as his conduct constituted reckless disregard for the rights of the plaintiff). In this case, the validity of the warrant and the validity of the arrest are at issue. The Court finds that the Mississippi Tort Claims Act does not preclude the plaintiffs' claims for wrongful arrest and false imprisonment. In light of the factual disputes discussed in relation to the plaintiffs' federal claims, the Court finds that the plaintiff has created genuine issues of material fact, rendering summary disposition of these claims inappropriate.

II.  Intentional Infliction of Emotional Distress

In order to support a claim for intentional infliction of emotional distress, the plaintiffs must establish that the defendants' conduct was "wanton and willful and ... would evoke outrage or revulsion." Leaf River Forest Prods., Inc. v. Ferguson, 662 So. 2d 648, 659 (Miss. 1995). To be compensable, such acts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Peques v. Emerson Elec. Co., 913 F.Supp. 976, 982 (N.D.Miss. 1996). The defendants claim that the plaintiffs have failed to allege conduct sufficiently egregious to satisfy the high hurdle of proving intentional infliction of emotional distress, and have failed to allege acts beyond "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities," citing Brown v. Inter-City Federal Bank for Sav., 738 So.2d 262, 265 (Miss. App. 1999); Lawson v. Heidelberg Eastern, 872 F.Supp. 335, 338 (N.D. Miss. 1995). For the reasons discussed in analyzing the plaintiffs' claims for unlawful arrest and false imprisonment, the Court finds that the plaintiff has raised genuine issues of material fact regarding his claim for intentional infliction of emotional distress, rendering summary adjudication inappropriate.

III. Malicious Prosecution and Abuse of Process

The plaintiffs have brought claims against the individual

5

defendants for malicious prosecution and abuse of process. The Mississippi Supreme Court distinguished these two types of claims by stating that "[a]n action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued." State, Use and Benefit of Foster v. Turner, 319 So.2d 233, 236 (Miss.1975). To prevail on a claim for malicious prosecution, the plaintiffs must prove the following elements:

> "(1) the institution or continuation of original judicial proceedings, either criminal or civil;
> (2) by, or at the insistence of the defendants;
> (3) the termination of such proceeding in plaintiff's favor;
> (4) malice in instituting the proceeding;
> (5) want of probable cause for the proceedings; and
> (6) the suffering of damages as a result of the action or prosecution."

Joiner Ins. Agency, Inc. v. Principal Cas. Ins. Co., 684 So. 2d 1242, 1244 (Miss. 1996)(quoting Page v. Wiggins, 595 So.2d 1291, 1293 (Miss. 1992)). To succeed on an abuse of process claim, the following elements must be established by the plaintiffs:

> (1) that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and (3) that damage resulted to the plaintiff from the irregularity.

Moon v. Condere Corp., 690 So.2d 1191, 1197 (Miss. 1997)(citations omitted); accord Wilbourn v. Stennett, Wilkinson & Ward, 687 So. 2d 1205, 1218 (Miss. 1996).

The defendants argue that evidence of malicious intent, required to support claims for malicious prosecution and abuse of process[2], is missing. The plaintiffs allege that the officers acted with malicious intent to give Hope Embry custody of the plaintiffs' grandson and to deprive their son of custody. There is a genuine issue of material fact regarding malicious intent.

The defendants also allege that the malicious prosecution claim must fail because they did not institute the proceedings. However, the plaintiffs allege continuation of the proceedings at the insistence of the defendants, which is sufficient to meet the second element. Finally, the defendants contend that the proceedings were not terminated in the plaintiffs' favor, since the charges were dropped by Hope Embry. The plaintiffs counter that the charges were not dropped but continued to be carried on the books until abandoned by the prosecutor, which is considered a termination in the plaintiffs' favor, citing Gandy v. Palmer, 169 So.2d 819 (Miss. 1964). This argument is not rebutted by the defendants, and on the present record the Court must find a genuine issue of material fact.

---

[2] Although the elements of abuse of process provided in this Memorandum Opinion and Order do not list malicious intent as an element, the defendants rely on the language of Wilcon, Inc. v. Travelers Indem. Co., 654 F.2d 976 (5th Cir. 1981), wherein the Fifth Circuit, applying Mississippi law, held that, to prevail on the second element in a claim for abuse of process, "the plaintiff must demonstrate that the defendant acted out of an ulterior motive that was improper or malicious." Id. at 984 (citing 1 Am.Jr.2d Abuse of Process § 4, at 252).

As for abuse of process, the defendants also contend that the first element of the claim is not met since they did not act with any "improper purpose ... such as the surrender of property or the payment of money, by the use of the process as a threat or a club," citing <u>Wilcon</u>, 654 F.2d at 984. As previously discussed, the plaintiffs allege an improper use of process to give custody of Gage to Hope Embry. The defendants claim that Gage was returned to Hope before the plaintiffs were arrested. However, as discussed in the Court's previous opinion, the plaintiffs claim that the child was returned under threat or coercion by the defendants. The defendants have not demonstrated the absence of a genuine issue of material fact.

For the foregoing reasons, the Court finds that summary judgment should be denied except as to all claims against Mark Culbertson and all claims pursuant to the Mississippi Constitution. Accordingly,

IT IS HEREBY ORDERED that defendants Samuel Carter, Sandra Johnson, Davon Grey, Mark Culbertson, and the City of Vicksburg's supplemental motion for summary judgment as to plaintiffs' state law claims **(docket entry 116)** is MOOT as to all claims against defendant Davon Grey, said claims having been dismissed by joint motion of the parties;

FURTHER ORDERED that said motion is GRANTED as to all claims against Mark Culbertson and all claims pursuant to the Mississippi

Constitution;

FURTHER ORDERED that said motion is DENIED as to all remaining state law claims against defendants Samuel Carter, Sandra Johnson, and the City of Vicksburg.

SO ORDERED this, the ___9th___ day of January, 2008.


                                              ___s/ David Bramlette___
                                              UNITED STATES DISTRICT JUDGE