```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


MICHAEL WILKINSON and
LINDA WILKINSON                                             PLAINTIFFS


VS.                              CIVIL ACTION NO. 5:05-cv-94(DCB)(JMR)

THE MAYOR AND ALDERMEN OF THE CITY OF
VICKSBURG; LAURENCE E. LEYENS, MAYOR;
GERTRUDE YOUNG, ALDERWOMAN; and SIDNEY
BEAUMAN, ALDERMAN, IN THEIR OFFICIAL
CAPACITIES; OFFICER SAMUEL CARTER;
OFFICER KEVIN WILLIAMS; DETECTIVE
SANDRA JOHNSON; OFFICER DAVON GREY;
CAPTAIN MARK CULBERTSON; DEPUTY CHIEF
RICHARD O'BANNON; and JOHN DOES 1-10
```

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Samuel Carter, Sandra Johnson, Davon Grey,[1] and Mark Culbertson's motion to reconsider **(docket entry 117)**. Having carefully considered the motion and response, the briefs of the parties, the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

On March 30, 2007, the Court entered a Memorandum Opinion and Order addressing a motion for summary judgment filed by, among others, the movants herein. In that Opinion, the Court denied summary judgment to Samuel Carter and Sandra Johnson on the basis that genuine issues of material fact existed regarding whether the

---

[1] Subsequent to the filing of the instant motion to reconsider, defendant Davon Grey was dismissed by joint motion of the parties.

plaintiffs were arrested without probable cause.  The Court found that Carter and Johnson were not covered by qualified immunity, because the affidavits which formed the basis for the warrants omitted information material to a determination of probable cause.

The movants allege that defendant Carter was not involved in obtaining the arrest warrants and is therefore entitled to qualified immunity on that basis.  The plaintiffs respond that Carter was asked for information by Johnson, and that he withheld information from his report which should have been provided to Judge Bradford.  The Court finds that there is a genuine issue of material fact concerning whether Carter played a significant enough role in procuring the warrant, and whether he knew he was withholding information that should have been provided to Judge Bradford.  Therefore, defendant Carter is not entitled to qualified immunity.

The movants allege that defendant Johnson is entitled to qualified immunity because although she typed the affidavits for the warrants, the affidavits were not "sworn to" by her.  The plaintiffs' evidence shows, however, that Johnson was the lead investigator on the case, that she prepared the affidavits presented to Judge Bradford, and that she determined what would go in the affidavits. Deposition of Sandra Johnson, pp. 76-77.  The plaintiffs also contend that Johnson withheld information crucial to a probable cause determination from the affidavits.  Thus,

2

defendant Johnson is not entitled to qualified immunity.

The movants also assert that Carter and Johnson cannot be held liable for the plaintiffs' subsequent arrests.  However, both Carter and Johnson were present at the time the arrests were made.  For the reasons stated in this court's prior opinion, Carter and Johnson are not entitled to qualified immunity since there are genuine issues of material fact regarding the role they played in the arrests.

As for Captain Mark Culbertson, the movants allege that he is sued in his official capacity only.  The plaintiffs contend that "Culbertson was personally involved in this case from almost the very beginning," but fail to address the movants' claim that he has not been sued in his individual capacity.  The plaintiffs shall therefore be ordered to show cause why the claims against Culbertson in his individual capacity should not be dismissed for failure to plead such.  Accordingly,

IT IS HEREBY ORDERED that defendants Samuel Carter, Sandra Johnson, Davon Grey, and Mark Culbertson's motion to reconsider **(docket entry 117)** is MOOT as to all claims against defendant Davon Grey, said claims having been dismissed by joint motion of the parties;

FURTHER ORDERED that said motion is DENIED as to defendants Samuel Carter and Sandra Johnson;

FURTHER ORDERED that the plaintiffs show cause within five (5)

days from the date of this Order why all claims against defendant Mark Culbertson in his individual capacity should not be dismissed.

SO ORDERED, this the __9th__ day of January, 2008.

                                              __s/ David Bramlette__
                                         UNITED STATES DISTRICT JUDGE