```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


MICHAEL WILKINSON and
LINDA WILKINSON                                       PLAINTIFFS


VS.                        CIVIL ACTION NO. 5:05-cv-94(DCB)(JMR)

CITY OF VICKSBURG;
OFFICER SAMUEL CARTER;
DETECTIVE SANDRA JOHNSON                              DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendants City of Vicksburg, Samuel Carter and Sandra Johnson's motion in limine to exclude evidence of child custody dispute and Crystal Hope Embry's alleged drug use **(docket entry 155)**. Having carefully considered the motion and response, the briefs of the parties, the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

The municipal defendants seek to exclude any reference to the custody dispute between Johnathan Wilkinson and Hope Embry over their son Gage Wilkinson, on the grounds that such evidence is inadmissible under Fed.R.Civ.P. 401, 402, 403 and 404. The defendants claim that the alleged prior acts of Johnathan and Hope, and their relative fitness to have custody of the child, are irrelevant to whether the officers are liable for false arrest, false imprisonment, malicious prosecution, abuse of process, or intentional infliction of emotional distress.

The issue is whether the officers had probable cause to arrest the plaintiffs for kidnapping.  The defendants claim the ongoing custody dispute is irrelevant because the officers had no knowledge of it.  The defendants claim that the officers knew only that on June 10, 2004, Hope Embry called 911 to report a kidnapping, and later gave a statement and signed affidavits stating the plaintiffs had kidnapped her son.

The defendants further assert that even if they knew of the custody dispute, such knowledge would be irrelevant to their decision whether to arrest the plaintiffs, because neither claiming to be a "good grandparent" nor an allegation that the custodial parent is a "bad parent" is a defense to charges of kidnapping a child.  Custody and parental fitness are determined by the courts, not by ad hoc decisions of police officers in the field.  Albright v. Albright, 961 So.2d 19 (Miss. 1983).

The plaintiffs were arrested on June 10, 2004, on charges of kidnapping under Miss. Code Ann. § 97-3-53, which states :

> Any person who ... without lawful authority shall forcibly seize, inveigle or kidnap any child under the age of sixteen (16) years **against the will of the parents or guardian or person having the lawful custody of the child**, upon conviction shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the custody of the Department of Corrections.

Miss. Code Ann. § 97-3-53 (emphasis added).

The plaintiffs assert that in order for the jury to ascertain whether probable cause existed to arrest the plaintiffs under Miss. Code Ann. § 97-3-53, the parties will have to put on evidence of custody of the child.  Therefore, evidence of the custody dispute is relevant.  The undisputed facts show that because the custody dispute had not been resolved, neither parent had custodial rights exclusive of the other.  Moreover, the plaintiffs have alleged that the defendants had knowledge of certain facts regarding the custody dispute, which knowledge is relevant to a determination of probable cause.

The Court shall therefore deny the defendants' motion.  The defendants are concerned that the plaintiffs might attempt to interject the merits of the custody dispute, and the issue of who is the better parent, into this case.  The Court perceives no such intention on the part of the plaintiffs, but shall monitor the evidence accordingly, and advises the parties to bring any specific objections or anticipated objections to the Court's attention.

The defendants also move to exclude any references to drug use by Hope Embry and/or her association with drug users, pursuant to Fed.R.Civ.P. 401 through 404.  The plaintiffs respond that they do not intend to elicit testimony or introduce other evidence regarding the drug use of any person other than Hope Embry, but that they do intend to question Hope about the use of prescription and/or illegal drugs, during the months preceding the plaintiffs'

arrests.  As with the custody issue, there is some evidence that one of the officers was given information that Hope was not taking her prescribed medication.  The plaintiffs also assert that testimony concerning drugs may be relevant for impeachment purposes.  Because there remains a possibility that testimony regarding drug use might be relevant, the motion in limine shall be denied.  The plaintiffs are admonished not to make any reference to drugs, however, without first informing the Court and counsel opposite of their specific intention.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion in limine to exclude evidence of child custody dispute and Crystal Hope Embry's alleged drug use **(docket entry 155)** is DENIED, but with leave to re-urge the motion where necessary.

SO ORDERED, this the  4th  day of February, 2008.

                                                     s/David Bramlette
                                            UNITED STATES DISTRICT JUDGE