```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


MICHAEL WILKINSON and
LINDA WILKINSON                                       PLAINTIFFS


VS.                           CIVIL ACTION NO. 5:05-cv-94(DCB)(JMR)

CITY OF VICKSBURG;
OFFICER SAMUEL CARTER;
DETECTIVE SANDRA JOHNSON;
CAPTAIN MARK CULBERTSON                                DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Captain Mark Culbertson's motion for summary judgment **(docket entry 156)**. Having carefully considered the motion and response, the briefs of the parties, the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

In this case, the plaintiffs Michael Wilkinson and Linda Wilkinson assert claims against Captain Mark Culbertson pursuant to 42 U.S.C. § 1983 for violation of their rights under the Fourth and Fourteenth Amendments of the United States Constitution. The claims relate to the plaintiffs' arrest on June 10, 2004, for kidnapping their grandson.

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the

initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id. A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To

overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-movant must "designate specific facts showing the existence of a genuine issue for trial." Anderson, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Id. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. Anderson, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the

province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as a whole, could not find for the nonmoving party. Matshushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In their complaint, the Wilkinsons claim that their Fourth Amendment right to be free from an arrest without probable cause was violated. Specifically, they allege that their arrests were not made pursuant to valid warrants and were made without probable cause. Complaint, p. 5. The Court has already denied summary judgment to defendants Officer Samuel Carter and Detective Sandra Johnson. In its initial opinion, the Court found that it was not clear from the submissions of the parties what, if any, role Captain Culbertson played in the alleged events. Culbertson now moves for summary judgment on the basis that to hold an official individually liable, there must be evidence of sufficient personal involvement by the official in the alleged wrongful infliction of injury. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Although the plaintiffs allege that Culbertson was the supervisor on duty on the day at issue, it is well established that

4

a supervisor cannot be held liable under § 1983 merely upon a respondeat superior theory. Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

The plaintiffs have not submitted any evidence that Culbertson played a role in the drafting, procurement or execution of the warrants for the arrests of the plaintiffs. They do submit evidence that he assigned defendant Johnson to investigate the case. This is not sufficient to show that he acted outside of a supervisory role. The plaintiffs also submit evidence, through Johnson's deposition, that Culbertson directed Johnson to "make sure the mother gets the child back." This might have some relevance were the child's father, Johnathan Wilkinson, a plaintiff in this action. The plaintiffs, Michael and Linda Wilkinson, do not allege any injury as a result of their grandson being taken from his father and given to his mother.

A supervisor may be liable for the acts of his subordinates under § 1983 "if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). No evidence has been submitted that the constitutional deprivations of which the Wilkinsons complain occurred at Culbertson's direction or with Culbertson's knowledge and consent. The plaintiffs allege injuries for wrongful arrest, and absent any evidence that defendant Culbertson played a role in the arrest or

5

in obtaining the warrants, other than as a supervisor, defendant Culbertson is entitled to qualified immunity.  Accordingly,

IT IS HEREBY ORDERED that defendant Captain Mark Culbertson's motion for summary judgment **(docket entry 156)** is GRANTED;

FURTHER ORDERED that defendant Culbertson is dismissed from this action with prejudice.

SO ORDERED, this the   4th   day of February, 2008.


                                        s/David Bramlette
                                   UNITED STATES DISTRICT JUDGE